Van Voorhis, J.
The question submitted is whether a trust created by plaintiff, under which defendant is trustee, has been legally terminated pursuant to the provisions of section 23 of the Personal Property Law.
On December 27, 1938, plaintiff settlor executed a trust agreement under which he placed securities in trust with defendant. By the terms of this agreement, the trustee was directed to pay the net income to Katherine St. George, his wife, for her natural life, and upon her death to pay the net income to plaintiff settlor for his life.
The trust further provided that upon the death of the settlor and his wife, the trustee should pay over the principal of the trust to such persons or corporations as the settlor might designate by his will, or failing such designation, to Priscilla St. George Duke, daughter of the settlor, or if she should then be dead, to her issue per stirpes.
On February 11, 1947, plaintiff settlor amended the trust agreement, pursuant to an authorization to do so contained therein, so as to provide that if he failed to exercise his power of appointment by will, the principal of the trust should be paid to his daughter, or if she failed to survive, the principal should be paid to the estate of plaintiff.
On January 6, 1949, plaintiff served notice of revocation of the trust agreement accompanied by the consents of his wife and daughter. On the date of notice of revocation, plaintiff’s daughter had two children, each under the age of twenty-one years.
On January 13, 1949, defendant informed plaintiff that it must refuse to recognize the revocation until a court of competent judisdiction determined plaintiff’s right to revoke.
On October 20, 1949, plaintiff served a notice on the trustee, withdrawing the notice of revocation previously given on January 6, 1949.
On October 21, 1949, plaintiff further amended the trust agreement so as to provide that the principal of the trust should be paid to plaintiff upon the death of his wife, or if plaintiff failed to survive her, the principal should be paid to plaintiff’s estate, stating that it was the express intent of plaintiff to create a reversion.
On October 31, 1949, plaintiff again served a notice of revocation of the trust upon the trustee, accompanied by consent1! of his wife and daughter.
*42 Defendant informed plaintiff on November 2, 1949, that it must refuse to recognize the revocation until a court determined plaintiff’s right to revoke.
The sole question to be decided is whether or not the notice of revocation given by plaintiff on October 31, 1949, with the consents thereto attached, is sufficient to revoke the deed of trust under section 23 of the Personal Property Law. Of course, if the previous notice resulted in revocation, a fortiori plaintiff is entitled to relief.
The trust agreement reserved the right to plaintiff, at any time and from time to time, by notice, to change, alter, amend or modify the trust in any and every respect, but not so as to effect its revocation.
Defendant claims that the provisions of the deed of trust, as amended on February 11,1947, indicate an intention to create a remainder, that the subsequent amendment of October 21,1949, does not indicate that plaintiff has reserved a reversion, and that if the amendment of October 21, 1949, created a reversion, it may be an amendment of the trust agreement which effected a revocation and hence be prohibited by the language of the agreement.
Plaintiff claims that all persons beneficially interested have consented to the revocation, and asserts that the fact that the trust by its terms is irrevocable does not prevent its termination under section 23 on the Personal Property Law.
Section 23 provides that upon written consent of all persons beneficially interested in a trust, the creator of the trust may revoke the same as to the whole or some part thereof.
Although it is true that the power retained by plaintiff settlor to amend this trust instrument did not include a power to revoke, nevertheless plaintiff is not attempting to revoke pursuant to a power contained in the instrument. The power to revoke is conferred by the statute instead of by the instrument of trust. The amendments made by the settlor merely put the trust in such form that it could be revoked under section 23 of the Personal Property Law.
As amended by the notice of October 21, 1949, the trust creates a reversion in the settlor or his estate, and not a remainder.
The judgment should be granted to plaintiff revolting the trust.
Glennon, J. P., Dore, Cohn and Shientag, JJ., concur.
Judgment unanimously directed in favor of the plaintiff revoking the trust. Settle order on notice.